```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ERNEST KING

                    Plaintiff,                    ORDER
     -against-

CITY OF NEW YORK, POLICE OFFICER           CV-15-4871 (ILG)
JOSEPH READ, Individually and in his
Official Capacity, Police Sergeant Mary
Humburg, Individually and in her Official
Capacity

                    Defendant.
------------------------------------------------------------x
```

GLASSER, Senior United States District Judge:

Plaintiff Ernest King brought this civil rights action against the City of New York and two of its police officers, for injuries allegedly sustained during his arrest. (*See* 2d Am. Compl.). Following the jury's verdict for Defendants, the Clerk of Court imposed costs on Plaintiff totaling $605.64. (09/26/2017 Electronic Order). Plaintiff moves to set aside the Clerk's determination, citing financial hardship and his good faith in bringing this case. (ECF No. 76.). For the reasons stated below, the motion is **GRANTED**.

"[U]nless a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. Proc. 54(d)(1) (emphasis added). The "permissive wording" of Rule 54 gives district courts "broad discretion on whether to tax costs against a losing party." *Yadav v. Brookhaven Nat. Lab.*, 219 F.R.D. 252, 254 (E.D.N.Y. 2004).

The balance of equities tilts in Plaintiff's favor. In granting Plaintiff's prior motion to proceed *in forma pauperis*, this Court observed he relies solely on public benefits of $600 per month and receives income from no other source. (*See* 1/22/2016 Electronic Order). Defendants point to Plaintiff's testimony that he was at one time employed and renting a home. (Defs.' Opp'n

1

at 3). But this is not dispositive of present indigency. The Court will not reevaluate its prior determination regarding Plaintiff's financial condition.

Defendants also say Plaintiff brought this case in bad faith, citing certain inconsistencies in his testimony regarding the timing of his various injuries. (*Id.* at 5). Plaintiff argues that his expert medical witness testified that at least one of his injuries was caused by Defendant Read. (Pl.'s Reply at 2). The Court sees no need to conduct a mini-trial on this issue. The "wide disparity of economic resources between the parties" is sufficient to absolve Plaintiff from paying costs. *Maldonado v. Parasole*, 66 F.R.D. 388, 390 (E.D.N.Y. 1975).

SO ORDERED.

Dated: Brooklyn, New York
November 8, 2019

/s/
I. Leo Glasser          U.S.D.J.